IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC., <br> Plaintiff, <br><br> v. <br><br> BR BROWS + BEAUTY, INC., <br><br> Defendant, | ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT AND JURY DEMAND**

The plaintiff Creative Photographers, Inc. ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant BR Brows + Beauty, Inc. ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2. Plaintiff is a New York corporation with a principal place of business at 22 West 23rd Street, 3rd Floor, New York, New York 10010.

3. Upon information and belief, Defendant is a limited liability company organized under the laws of the Commonwealth and doing business at 1563 Fall River Ave, Seekonk, Massachusetts, 02771.

**JURISDICTION AND VENUE**

4. This is a civil action seeking damages and injunctive relief for copyright

infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.   Plaintiff's Business

7. Plaintiff provides an exclusive independent "boutique style" agency which serves photographers and artists by licensing their images in both traditional and new media platforms for a variety of uses, including editorial uses.

8. . On behalf of its award-winning photographers, Plaintiff licenses photographic works from its catalogue to various third parties for various purposes, including editorial, advertising, corporate, and non-profit purposes. In short, Plaintiff takes care of the business of monetizing the works of its photographers so that the photographers can take care of the business of creating award winning works.

9. Among Plaintiff's many celebrated photographers in Zoey Grossman, the author of the photographic works at issue in this litigation. Ms. Grossman is one of the most sought after fashion and celebrity portrait photographers in the industry.

10. Ms. Grossman is the sole author of the following portrait of Zoey Kravitz, hereinafter referred to as the "Copyrighted Work":



1. The photographer Kayla Varley has previously obtained a certificate of registration from the United States Copyright Office, Reg. No. VA 2-214-997 for the copyrights in and to the Copyrighted Work.

2. The Copyrighted Work is an original work of authorship.

3. Plaintiff is the beneficial owner as exclusive licensee of the copyrights in and to the Copyrighted Work.

4. Plaintiff licenses the Copyrighted Work for professional applications including editorial, advertising, corporate and non-profit use.

**B.    Defendant's Unlawful Activities**

5. Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

6. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, used in the creation of derivative works, and publicly displayed, without Plaintiff's authorization at the website brbrowsandbeauty.com. ("Infringing Website"), a

copy of the screenshot of which is depicted here:



7. Upon information and belief, Defendant owns and operates and directly responsible for the content at the Infringing Website.

8. Upon information and belief, Defendant needed a glamorous photograph of a beautiful face to promote and advertise its service.

9. Upon information and belief, Defendant or someone acting on its behalf, searched the internet and located the Copyrighted Work and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant, and then used the Copyrighted Work in the creation of webpages for the commercial purpose of selling Defendant's services, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

10. Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work within the last three

years.

11. Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Work are without Plaintiff's authorization.

12. Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's copyrights in that Defendant, a publisher of content on the internet and familiar with copyright law and the need to seek a license for the use of the Copyrighted Work, knew it did not have permission to use Plaintiff's Copyrighted Work and deliberately did so anyway.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

13. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

14. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

15. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

16. Upon information and belief, as a result of Plaintiff's licensing and public display of the Copyrighted Work to others, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Website.

17. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative works, and

publicly displaying the Copyrighted Work at the infringing website.

18. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

19. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

20. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

21. In the alternative, and at Plaintiff's election, to the extent allowed by 17 U.S.C. § 412, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § § 504(c), in the amount of $150,000 for each Copyrighted Work with respect to the infringing reproduction, distribution, use in derivative work(s), or public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

22. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the

Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 for each instance of copyright infringement;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 23, 2024

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire (BBO No. 569008)
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036-742
Telephone: (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*